Garland Jack **DAWSON** and Atlas Truck Line, Inc., Appellants,

v.

Leanne Hendershot **JARVIS**, Appellee.

No. 17974.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1981.

Rehearing Denied Nov. 19, 1981.

Lev Hunt, Corpus Christi, for appellants.

Guy Allison, John Buck, Corpus Christi, for appellee.

Before EVANS, C. J., and DOYLE and WARREN, JJ.

DOYLE, Justice.

This appeal is from an action to recover damages for serious personal injuries suffered by appellee when the car in which she was riding collided with a tractor-trailer truck. The trial court, without a jury, rendered judgment for the appellee upon various findings among which were that the collision in which plaintiff sustained her injuries was caused by the negligence of Garland Jack Dawson; that the appellee was not negligent; that plaintiff sustained damages in the collision as a result of her personal injuries in the amount of $218,000; and that the defendants were not prejudiced by a trial before the court after having waived their right to a jury trial by failing to pay a jury fee before the trial of the case had commenced.

The judgment is reversed and the cause remanded.

In her brief, appellee concedes that appellants' statement of the facts is substantially correct and is as follows: After a party at which beer was freely consumed, Mrs. Jarvis and James Kent Noteware, left Noteware's house, where the party was held, in the middle of the night to drive from Corpus Christi, Texas, to Waco, Texas. They were in Noteware's Volkswagen. Noteware, who was driving, had consumed eight to ten beers, and appellee drank three or four beers.

Appellee went to sleep when they arrived at Portland or Gregory. When appellee awoke Noteware was tired and sleepy and had become lost. She woke up somewhere between Refugio and Victoria. Although appellee did not have a driver's license, and Noteware knew that, appellee drove the car to a service station to ask directions, so that they could go back to Corpus Christi in the direction from which they had just come. After appellee drove about twenty minutes, she had Noteware drive again, going south on Highway 77. Appellee then got in the back seat of the Volkswagen and went to sleep again.

About twenty miles north of Refugio, going in a southerly direction, Texas Highway 113 continues straight, while Highway 77 curves to the right. At about 5:00 a. m., appellant Dawson was driving a tractor-trailer north on Highway 77 after having delivered a load of pipe to a drilling rig on a ranch. It was still dark when the Volkswagen crossed into Dawson's lane of traffic. The point of impact between the two vehicles was a foot or two over the center stripe, in the northbound lane of traffic.

In the resulting collision, Noteware was killed instantly and Mrs. Jarvis received personal injuries.

From the foregoing statements of the case, it can be seen that a multitude of fact issues would arise. Both parties had prepared for a jury trial and were expecting such issues to be determined by a jury. The basis of appellant's first point of error is that the trial court, pursuant to art. I, § 15, Tex.Const. and Rule 216, T.R.C.P., abused its discretion in failing to allow appellant the opportunity to belatedly pay the jury fee and have the case tried before a jury.

Appellee's original petition was filed on February 10, 1977. Appellants filed an original answer on March 9 and the first docket control conference was held on September 28. An order was signed by the trial judge and the parties' attorneys on that date indicating, among other stipulations, that a jury trial was requested, that

the indicated length of the trial would be 3 days, and setting April 18, 1979, as the date for filing proposed special issues and April 30 as the trial date. Another docket control conference was held on August 16, 1979 and the trial judge again signed an order showing that a jury trial was requested and set a trial date of December 10 was set. Proposed special issues were ordered filed by November 30. Finally, on August 23, 1979, the court signed a docket control order showing that a jury trial was requested and set an alternate date of March 31, 1980 for the trial. The trial court heard, considered and granted appellants' motion in limine and concluded with this final paragraph in the order: "SIGNED this 21 day of March, 1980, prior to the commencement of the hearing of any evidence or testimony or the selection of the jury in the same."

This brings us to the morning of March 31, 1980, the date of the trial. The record is silent as to who made the discovery, but the court and the attorneys were informed prior to 9:20 a. m. that the jury fee had not been paid. Both attorneys testified that they were prepared to proceed with the case before a jury and had so advised their clients and witnesses. It was at this time the court, after an extensive discussion with counsel for the parties, refused appellant's offer to pay the jury fee. It was the court's contention that although everyone was ready for a jury trial, the failure of someone to pay the jury fee left the court with no alternative but to deny the offer to pay the jury fee at that late date because "..., well the rules must be followed, gentlemen.", "and counsel are familiar or should be familiar with the Rules of Civil Procedure, as well as the local rules." and "... Request comes late. It is denied."

The court then ordered the trial to proceed as a non-jury trial over the objections of the appellants. At the noon recess appellants paid the jury fee and when the trial resumed, counsel for appellants asked and was granted leave to perfect his bill of exceptions on the court's refusal to allow a jury trial.

The right of trial by jury and the manner in which this right may be secured are set forth as follows:

Art. 5, § 10, Texas Const.:

In the trial of all causes in the District Courts the plaintiff or defendant shall upon application made in open court, have the right of trial by jury. But no jury shall be impaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding the jury for such sum and with such exceptions that may be prescribed by the Legislature.

Rule 216. T.R.C.P.

No jury trial shall be had in any civil suit unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

Rule 216 sets up two basic requirements for entitlement to a trial by jury in a civil case. First, there must be an application or demand for a jury trial and second, a fee must be deposited with the clerk within the time set out in the Rule.

In every case that has been cited by either party, there is a consensus that in spite of the mandatory language of Rule 216, the rule is construed as being discretionary with the judge. *First Banker Insurance Company v. Lockwood,* 417 S.W.2d 738 (Tex.Civ.App.—Amarillo 1967, no writ); *Gallagher v. Joyce,* 459 S.W.2d 221 (Tex. Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); *Lebman v. Sullivan,* 198 S.W.2d 280 (Tex.Civ.App.—San Antonio 1946, writ ref'd n. r. e.). Several criteria must be met before the trial court's action in denying the jury trial by reason of late fee payment will be considered as constituting reversible error. The complaining party must show (1) that the granting of the late request

would not interfere with the orderly handling of the court's docket, (2) delay the trial of the case, or (3) operate to the injury of the opposite party. *Gallagher v. Joyce,* supra.

■ We first examine the facts in our case to see if the granting of a jury trial would have interfered with the orderly handling of the court's docket. At the outset we observe that everyone appeared in court on the morning set for trial under the impression that the case would proceed before a jury. The trial judge, attorneys, clients, district clerk personnel and witnesses were ready for a jury trial. Indeed, the court had ruled on a motion in limine and the attorneys had submitted proposed special issues. Three docket control orders indicated the trial was to be before jury. The case was set as the number one jury case on the court's docket. A jury panel was available and waiting. Shortly before 9:30 a. m., the hour set for the commencement of the trial, someone discovered that although a jury had been requested, a jury fee had not been paid. Appellants' counsel offered then and there to pay the jury fee, which privilege was denied. Opposing counsel stated to the court and testified on the bill of exceptions that he had prepared for a jury trial and was ready to proceed with such a trial. He did object to any continuance of the case. Under these undisputed facts, we fail to see how the orderly handling of the docket would have been interrupted. Within five minutes the fee could have been paid, even before 9:30 a. m. Had the trial judge chosen, the available jury panel could have been directed to his court without interfering in any way with the other jury trials scheduled. The conclusion by the court, that "to place the case on the jury docket after it was called for trial on March 31, 1980 at 9:30 would have seriously disrupted the court's docket and resulted in a postponement of the trial of the case for six to eight months," was not supported by the record. No reason was advanced as to why it would be necessary to place other cases ahead of this case in the event appellant was allowed a jury trial. We fail to find a sound reason in law to refuse to allow the trial of the case before a jury as planned. The court could have ordered the jury fee to be paid and a jury panel to be brought in. This would have resulted in no docket disruption, no delay, and no prejudice or harm to appellee.

*Aronoff v. Texas Turnpike Authority,* 299 S.W.2d 342 (Tex.Civ.App.—Dallas 1957, no writ), is a case closely in point. In *Aronoff* the judge refused to allow a trial by jury although the appellant had asked for a jury setting well in advance of trial. The fact that the jury fee had not been paid was not discovered until the morning of trial. The judge then announced that the case would be tried before the court. Appellant objected and hurriedly paid the jury fee. A jury panel was available and both parties advised the court that they were ready for and had anticipated a jury trial. The court overruled the appellant's objection and tried the case without a jury. In reversing the case on appeal, the Dallas court stated:

... We do not doubt the sincerity of the trial judge, but we are convinced that his conclusion was based on an erroneous analysis of the undisputed facts. The undisputed facts are, as we have already stated, that several weeks prior to March 19, 1956 both attorneys had appeared in court and asked for a setting of the case, informing the court that it was a jury case. The judge had set the case for trial March 19, 1956, anticipating a jury trial. The court's docket of cases set for trial, including not only this case but other cases as well, was arranged accordingly. Apparently it was not discovered that the jury fee had not been paid until the morning of March 19, 1956 after both sides had announced ready for trial in what they thought was to be a jury case. Immediately thereafter appellants paid the jury fee. Under the circumstances it must be held that the ordinary handling of the court's docket would not have been interfered with or impeded if the court had proceeded with a jury trial as originally planned.

**448**

In the early case of *Allen v. Plummer*, 71 Tex. 546, 9 S.W. 672 (1888), our Supreme Court had before it a case involving the late payment of a jury fee. There the court pointed out that the operative effect of articles 3064 and 3066 of the Revised Statutes, which at that time controlled the manner of demanding a jury and paying the fee therefor, was not strictly mandatory, but was discretionary with the trial judge. These statutes were later replaced by articles 2124 and 2125 and finally by Rule 216. The court, in reversing and remanding the case because of the denial of a jury trial, held that considering the state of the docket, the late payment of the jury fee could have had no effect on the status of the docket, resulted in no prejudice to the defendant, and the failure of the trial court to allow the plaintiff to pay the fee was reversible error.

During the discussion with counsel before the trial of the instant case, the court referred to a recent Dallas case on the late payment of a jury fee as controlling. Obviously the case was *Childs v. Reunion Bank*, 587 S.W.2d 466 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). In the *Childs* case the record on appeal reflected only that the appellant paid a jury fee less than ten days prior to trial, and that the trial court had denied the request for a jury. The appellate court cited the rule that a party has a right to a jury trial even though the jury fee is paid late if a jury panel is available unless it causes a postponement or unduly interferes with the handling of the other business of the court. The court held that no reversible error was shown since the record was silent as to any circumstances surrounding the denial and Rule 216 was not complied with. *Childs* is distinguishable from our case. In that case the court recognizes the prevailing law applicable to the undisputed facts in the case before us.

Because we hold that the trial court abused its discretion in denying appellants the jury trial to which they were entitled, appellants' point on error number one is sustained.

It thus becomes unnecessary to consider appellants' remaining points of error. This judgment is reversed and the cause remanded.

WARREN, Justice, dissenting.

I respectfully dissent. Art. I, § 15; Tex. Const. and Rule 216, T.R.C.P. are unambiguous.

It is difficult to understand how a trial judge can be held to have abused his discretion for following the clear and unequivocal provisions of the Constitution and Rule 216.