Marvin TURK, Appellant,

v.

**FIRST NATIONAL BANK OF WEST UNIVERSITY PLACE, Appellee.**

No. 01–89–01066–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

Rehearing Overruled Jan. 17, 1991.

Michael Louis Minns, Houston, for appellant.

Randal J. Lerner, Houston, for appellee.

Before EVANS, C.J., and DUNN and O'CONNOR, JJ.

### OPINION

O'CONNOR, Justice.

This is an appeal from a judgment in a suit on a promissory note and guarantee. After a nonjury trial, the trial court rendered judgment in favor of First National Bank of West University Place. We reverse.

Marvin Turk, Defendant, was the maker and guarantor of the note, and the Bank

was the holder. In 1986, the Bank sued defendant for non-payment of a promissory note. The note was secured by a deed of trust. Defendant filed a counterclaim, asserting that the Bank made false and misleading statements regarding the purpose and amount of the loan, and induced him to enter into the loan agreement. Specifically, defendant contends the Bank agreed to give him a construction loan for approximately $650,000 to finance a town home building project. The Bank loaned defendant only $210,000, so that defendant could buy some land for development.

At 9:30 a.m. on April 10, 1989, the trial court announced that it was ready to hear the case, but neither defendant nor his counsel appeared. Thirty minutes later, the trial court proceeded to hear the Bank's evidence. When the Bank concluded, it moved for judgment and asked that the counterclaim be dismissed. The trial court granted the Bank's motions, and held defendant liable for the outstanding balance of the note, plus attorney's fees and interest. Defendant took nothing under his counterclaim.

At 10:50 a.m., shortly after the trial court announced its decision, defendant's attorney appeared. Counsel told the court he did not know that the case would be called for trial. The trial court declined to reconsider the evidence, and told counsel that defendant would have to file a motion for new trial. Defendant filed a motion for new trial, which was denied.

## I. The visiting judge

■ In his first point of error, defendant claims he was deprived of his right to object to the assigned visiting judge. Defendant contends he did not receive notice that a visiting judge would be sitting the day of trial, and he did not know the identity of the judge. Because there was no notice, and he did not appear when the case was called for trial, he did not have an opportunity to object to the assignment.

The Court Administration Act states:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if

time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Each party to the case is only entitled to one objection under this subsection for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

Tex.Gov't.Code Ann. § 74.053 (Vernon Supp.1990). Notice of assignment is clearly optional and not mandatory. *See Money v. Jones,* 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ denied). If time or circumstances make it impractical for a presiding judge to give notice of assignment, he need not do so. *Id.* In *Money,* the attorney was notified by telephone to come to the courthouse for docket call. *Id.* Upon arriving at the courthouse, counsel was told that a visiting judge would hear the case. *Id.* He later complained that the clerk should have told him over the telephone that a visiting judge was assigned to the case. *Id.* But, the defendant did not show that it would have been reasonable and practical for the presiding judge to send earlier notice. *Id.* In this case, defendant also fails to make such a showing.

■ A party's timely objection to an assignment is mandatory. *See Thompson v. State Bar of Tex.,* 728 S.W.2d 854, 855 (Tex.App.—Dallas 1987, no writ); Tex. Gov't.Code Ann. § 74.053 (Vernon 1988). An objection to assignment *must* be filed before the first hearing or trial. 728 S.W.2d at 855. After an assigned judge calls a case for a hearing or trial, any later objection is untimely. *Id.* Defendant's counsel did not appear at the courthouse until after trial, so he did not have an opportunity to make a timely objection to the assignment. Regardless of the reason for his absence, however, we cannot make an exception to a mandatory rule. Because

he did not make a timely objection, the visiting judge was not subject to disqualification.

We overrule the first point of error.

## II. Motion for new trial

■ In his second point of error, defendant asserts the trial court erred in denying his motion for new trial. The trial court's ruling on a motion for new trial will not be disturbed on appeal unless defendant shows an abuse of discretion. *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex. 1986). Defendant must show that the trial court acted in an arbitrary or unreasonable manner, without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ The judgment in this case is classified as a post-answer default judgment. *Grissom*, 704 S.W.2d at 325; *Siegler v. Williams*, 658 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1983, no writ). The same rules for setting aside a pre-answer default judgment by motion for new trial are applicable to a post-answer default judgment. *Grissom*, 704 S.W.2d at 326; *Siegler*, 658 S.W.2d at 238.

Defendant filed a motion for new trial with affidavits and exhibits, alleging that his counsel's absence during trial was due to an accident or mistake. The first exhibit shows that defendant's counsel received notice on March 22, 1989, that trial was set on the non-jury docket for the week of April 10, 1989. The third exhibit is an affidavit of counsel's office manager, who handles scheduling. The office manager said that she talked to the court coordinator on March 29, and the coordinator told her that the case would not go to trial the week of April 10, 1989, but that it would probably be called for trial the next week.

The Bank filed a response to the motion for rehearing and attached the affidavit of the court coordinator. In her affidavit, the court coordinator said she contacted defendant's counsel's office on April 7, and told one of his employees that the case was second on the docket, and that counsel should appear at 9:30 a.m. on April 10, 1989.

The court set the case for a hearing. At the hearing, defendant's counsel testified that he did not know the case would be called for trial on April 10. The office manager also testified, and made the same assertions she swore to in her affidavit. The Bank did not offer any witnesses. The only evidence the Bank offered at the hearing was the court coordinator's affidavit attached to its response to the motion. Defendant objected to the affidavit on the grounds of hearsay, and the court overruled the objection.

■ We conclude that the only competent evidence offered at the hearing supported defendant's allegations that his counsel did not know the case would be called to trial on the morning of April 10. Although the affidavit was proper as an attachment to the Bank's response, the affidavit was not admissible over the defendant's objection of hearsay. From this record, therefore, we hold that defendant's failure to appear was not deliberate or the result of conscious indifference. *See HST Gathering Co. v. Motor Serv., Inc.*, 683 S.W.2d 743, 745 (Tex.App.—Corpus Christi 1984, no writ).

The next question is whether defendant was required to raise a meritorious defense, as mandated by *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). Defendant argues that he was not required to meet the *Craddock* standards because of the decision in *Peralta v. Heights Medical Center*, 485 U.S. 80, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). In *Peralta*, the United States Supreme Court held that the appellant was denied due process because of an invalid service of process and lack of notice of the judgment entered against him.

Following *Peralta*, the Texas Supreme Court held in *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988), that a defendant, who does not appear at trial because he does not have notice of the setting, need not prove a meritorious defense at the motion for new trial hearing. We hold, therefore,

it was not necessary for defendant to prove that he had a meritorious defense.

We sustain defendant's second point of error.

### III. Request for a jury

In his third point of error, defendant asserts that his request for a jury trial was incorrectly denied.

This suit was filed in February 1986. On March 22, 1989, more than three years later, the court clerk sent notice to the parties that the case was set on the non-jury docket for the week of April 10, 1989. On March 24, 1989, two days after getting the notice, defendant paid a jury fee and requested a jury trial. The request was made 17 days before the case was called for trial.

The right to a jury trial is guaranteed by the Texas Constitution, which provides: "The right of trial by jury shall remain inviolate...." TEX. CONST. art. I, § 15. For civil cases, the constitution sets certain condition on the right:

> In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

TEX. CONST. art. V, § 10.

Rule 216 of the Texas Rules of Civil Procedure states specific procedural requirements:

> No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

TEX.R.CIV.P. 216(1).

■ By the terms of rule 216, a party does not have a right to a jury if the party makes the request after the case is certified for trial and less than 30 days before trial. *See Wright v. Brooks*, 773 S.W.2d 649, 651 (Tex.App.—San Antonio 1989, writ denied). The same time limitation applies to the payment of the jury fee. *Huddle v. Huddle*, 696 S.W.2d 895 (Tex.1985). On appeal, the party who made a late request for a jury has the burden of showing that the trial court abused its discretion. *Muller v. Leyendecker*, 697 S.W.2d 668, 672 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

Because the trial court gave him notice that the case was set on the non-jury docket only 19 days before the day of trial, defendant claims that he could not have requested a jury trial any sooner. In *Brawner v. Arellano*, 757 S.W.2d 526, 527 (Tex.App.—San Antonio 1988, orig. proceeding), the appellant argued that its request, made as soon as it received notice the case was set on the non-jury docket, was made within "a reasonable time before the date set for trial," as rule 216 requires. That is the same argument defendant makes here. We reject the argument for the same reasons the San Antonio Court of Appeals rejected it: the request was *not* timely under rule 216, because it was less than 30 days before the trial date. 757 S.W.2d at 527. The trial court therefore had the discretion to deny the request, and appellant showed no abuse of discretion. In *Register v. Ford Motor Credit Co.*, 744 S.W.2d 301, 306 (Tex.App.—Houston [1st Dist.] 1987, writ dism'd), the appellants also made a late request for a jury trial. This Court noted that the Registers' demand for a jury trial was made nearly two years after the suit was filed, and after the case was set on the court's non-jury docket; thus, the trial court's denial was proper.

In this case, the jury request came three years after the Bank filed suit. Defendant could have requested a jury trial anytime during those three years. He did not have to wait until the case was set on the non-jury docket.

We overrule the third point.

### IV. The evidence

In his fourth point of error, defendant claims that the trial court's decision was based on inaccurate representations by the

Bank. Because we have sustained the second point of error, which requires a reversal, we do not need to address the fourth point of error.

## V. The counterclaim

In his fifth point of error, defendant asserts that the trial court did not read the counterclaim before ruling on it; instead, it relied on the representations made by the Bank. Again, because we sustain the second point of error, we do not need to reach the fifth point.