H.W. **HIGGINBOTHAM** and Merle Lynette **Higginbotham,**
Appellants,

v.

**COLLATERAL PROTECTION, INC., Appellee.**

No. 01–92–00805–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 1993.
Rehearing Denied Aug. 19, 1993.

David B. Lobingier, Fort Worth, for appellants.

E.M. Schulze, Jr., Huntsville, for appellee.

Before COHEN, JACKSON B. SMITH, Jr.* and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The issue in this case is whether the court erred in denying a motion for continuance. We hold it did and reverse.

### Fact summary

This is a contract suit by Collateral Protection, Inc. (plaintiff), filed as a declaratory judgment action against H.W. and Merle Higginbotham (defendants), who filed a counterclaim to recover on the same contract. This suit was filed in 1990 in the district court of Walker County, located in Huntsville. The defendants answered and were represented by an attorney from Fort Worth. In June 1991, the defendants sent a setting request to the court coordinator, with a copy to the plaintiff, for a jury trial for the week of November 25, 1991. On June 10, 1991, the court coordinator sent the parties a confirmation of a jury trial setting for November 25, 1991. Later, for medical reasons of one of the parties, the case was continued on the docket.

In December 1991, during a hearing on discovery matters, the court and the parties reached an agreement to set the case for trial on May 26, 1992. The court told the parties to send a request for a trial setting to the court coordinator to get on the court's docket. The plaintiff complied with the court's request and, on January 2, 1992, sent the court coordinator a request that the case be preferentially set for May 26, 1992, on the court's jury docket. On January 10, 1992, the court coordinator sent the parties a confirmation that the case was set for a jury trial on May 26, 1992. On January 30, the trial court signed an order reflecting all the discovery rulings from the hearing and also preferentially setting the case for trial on the May 26, 1992, docket. The order did not identify the trial as a jury trial, but merely said that the case was set preferentially.[1]

On May 25, 1992, one day before trial, the trial judge determined from the district clerk's records that neither of the parties had filed a request for a jury trial or paid a jury fee. Accordingly, the court cancelled the call for jurors who would have been used in selecting a jury for the next day.

On May 26, the parties arrived at the court, thinking they were to have a jury

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The trial court explained on the record just before trial started that it only sets jury cases preferentially. Nonjury cases are not set on a docket, but are tried when the cases can be worked in between jury trials. Rule 218 of the Tex.R.Civ.P. requires the clerk to keep a docket styled "the jury docket." Rule 219 of the Tex. R.Civ.P. requires the court to designate the days for taking up the jury docket and the trial of jury cases. The order may be revoked or changed, at the court's discretion.

trial. When the court told the parties it had cancelled the jury call, the plaintiff announced "ready" for either a jury or nonjury trial, and the defendants announced "ready" for a jury trial and "not ready" for a "nonjury trial."

The court told the parties that the next possible jury setting would be in 1993 and gave a lengthy explanation of how its four, multi-county dockets were set. The court gave the defense counsel time to call his office to determine if his records showed that a jury fee was paid. When he returned, the defense counsel stated his office did not pay the fee, thinking the fee had been paid by the plaintiff; and he filed a verified, handwritten motion for continuance. The court overruled the defendants' motions for a jury trial and for continuance, and advised the parties to proceed with a bench trial.

Before the court overruled the defendants' motions, the defendants argued that a continuance would not interfere with or disrupt the court's docket. The defense counsel told the court (repeating information in the motion for continuance) that his office practice was to have his secretary call the clerk to determine if a jury fee has been paid. If one has already been paid, he relies on that fee and does not pay it a second time. His office records reflect that a long-distance call was placed to the Walker County clerk's office on June 5, 1991, about the time he would have expected that call to have been made. The minute book for the Walker County's clerk's office reflects an entry which appears to be "jury" next to an amount of five dollars.[2] Defense counsel said in his motion for continuance that it is probable that his secretary was informed by a clerk that a jury fee had been paid and that the case was on the jury docket.

### Right to a jury trial

In point of error one, the defendants complain the trial court erred in removing the case from the jury docket and proceeding with a bench trial.

■ The Texas and United States Constitutions guarantee a jury trial. TEX.CONST. art. I, § 15; U.S. CONST. art. III, § 2. To be entitled to a jury trial, a party must follow the procedure set out in TEX.R.CIV.P. 216: not less than 30 days before trial, the party must make a written request for a jury and pay a jury fee. *Huddle v. Huddle,* 696 S.W.2d 895, 895 (Tex.1985).

### The written request

■ The defendants concede they did not file a formal written request for a jury trial. The defendants, however, did send a setting request to the court coordinator asking for a jury trial. The Fourteenth Court of Appeals has held that a trial certification request constitutes an application for a jury trial within the meaning of rule 216. *Sheth v. White,* 722 S.W.2d 805, 805 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding). We agree. We hold the defendants' request to the trial coordinator for a jury trial setting amounted to a request for a jury trial.[3]

### The jury fee

■ Neither party paid a jury fee. Under TEX.R.CIV.P. 216, a party is required to file a written request for a jury trial *and* pay the jury fee. Here, the defendants filed a document that was sufficient as a jury request, but did not pay the jury fee.

This case is similar to *Dawson v. Jarvis,* 627 S.W.2d 444 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *Browning v. Holloway,* 620 S.W.2d 611 (Tex.App.—Dallas 1981, writ ref'd n.r.e.), and *Aronoff v. Texas Turnpike Authority,* 299 S.W.2d 342 (Tex.App.—Dallas 1957, no writ). In these three cases, the trial judges and the parties believed, until the day of trial, that the parties had requested a jury and paid a

---

**2.** The clerk is required to enter a notation on the court's docket sheet that the jury fee was paid. TEX.R.CIV.P. 220. We note that this case was filed in district court, and the jury fee for district court is 10 dollars, not five. TEX.R.CIV.P. 216(b).

**3.** Later, the plaintiff also filed a setting request for a jury trial. In effect, both parties filed written requests for a jury.

jury fee. *Dawson,* 627 S.W.2d at 446; *Browning,* 620 S.W.2d at 617; *Aronoff,* 299 S.W.2d at 343. Over the objections of one of the parties, the trial court struck the jury setting and proceeded with a nonjury trial; the three cases were reversed on appeal. *Dawson,* 627 S.W.2d at 446, 448; *Browning,* 620 S.W.2d at 617, 618; *Aronoff,* 299 S.W.2d at 343, 348. The one thing these cases have in common that is different from the case before us is that a jury was available to hear the case on the morning of trial. *Dawson,* 627 S.W.2d at 447; *Browning,* 620 S.W.2d at 617; *Aronoff,* 299 S.W.2d at 343. Here, a jury was not available because the trial court cancelled the jury the day before.

The defendants did not pay a jury fee. Thus, they waived their right to a jury trial. *Turk v. First Nat'l Bank,* 802 S.W.2d 264, 267 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The trial court then had discretion to grant or deny the late request, and the burden of showing abuse of discretion is on the party who made the late request. *Id.* We overrule defendants' point of error one complaining of the lack of a jury trial.

### Motion for continuance

In point of error two, the defendants contend the court erred in overruling the defendants' motion for continuance and proceeding with a bench trial.

■ The granting or denial of a motion for continuance is within the discretion of the trial court and will not be reversed unless the record shows a clear abuse of discretion. *State v. Wood Oil Distrib. Inc.,* 751 S.W.2d 863, 865 (Tex.1988). The test for abuse of discretion is "whether the court acted without reference to any guid-ing rules and principles." *Wright v. Brooks,* 773 S.W.2d 649, 651 (Tex.App.— San Antonio 1989, writ denied). We will apply the abuse of discretion standard to the trial court's refusal to grant the motion for continuance.

■ The most troublesome aspect of this case is that the defendants would have filed a proper request for a jury trial and timely paid the fee but for mistakes on the part of the court and its personnel. In his motion for continuance, the defense counsel, whose office is in Fort Worth, said he was unable to send someone to the courthouse to check the records. He testified his secretary regularly calls the court to determine if a jury fee has been paid in a case. He opined that, when she called, someone in the clerk's office, relying on the court's minute book, told her the case was set on the jury docket. The record establishes that the court coordinator, acting as the agent for the trial court, sent the parties at least two notices that the case was set for a jury trial. The collective effect of these mistakes on the defendants was to assure them the case was properly set on the jury docket. But for these mistakes, the defendants would have filed a jury fee.[4]

We sustain point of error two, complaining of the trial court's refusal to grant a continuance, and reverse and remand the cause.

JACKSON B. SMITH, Jr., J., dissents.

JACKSON B. SMITH, Jr., Justice,[1] dissenting.

I respectfully dissent from the majority opinion because I believe the trial judge did not err in denying appellants' motion for a continuance.

---

**4.** Rule 245 of the TEX.R.CIV.P. requires the trial court to give the parties 45–days notice of the first setting in a contested matter. One of the reasons for requiring the trial court to give the parties 45–days notice of the first trial setting is to permit a party to make a timely request for a jury trial. *See* Comment following rule 245; *Simpson v. Stem,* 822 S.W.2d 323, 324 (Tex. App.—Waco 1992, orig. proceeding). If the trial court notifies the parties that a case is set on the nonjury docket with too little time to request a jury trial, the courts will deem a late request timely. *Id.* (less than thirty days notice was not sufficient). By analogy, when the defendants discovered that the case was not set for a jury trial, it was too late for them to make a proper request. In *Simpson,* as in this case, the trial court shared some responsibility for the parties' inability to get a jury trial.

**1.** The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Appellants, H.W. Higginbotham and Merle Lynette Higginbotham, have raised five points of error. The first two points of error complain of the trial court's refusal to afford appellants a jury trial and its overruling their motion to grant a continuance. This latter action was taken by the court after the court had announced it would proceed to hear the case in a bench trial.

I agree with the majority opinion in holding that because the litigants had not filed their request for a jury trial with the district clerk, had not paid a jury fee to the district clerk, and a jury was not available, appellants had not met the statutory requirements of TEX.R.CIV.P. 216 to obtain a jury trial. Thus I am of the opinion that the majority opinion correctly overruled appellants' first point of error. Appellants' second point of error complains that the trial court abused its discretion in overruling its motion for a continuance. The majority opinion agrees with the appellants' contention and reverses and remands the case to the trial court. I disagree with that decision.

It is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion. *State v. Wood Oil Distrib. Inc.*, 751 S.W.2d 863, 865 (Tex.1988). Further, unless the record shows a clear abuse of discretion by the trial court in its ruling for a continuance, the trial court will not be reversed. *Id.*

A general test to determine whether a trial court has abused its discretion is "whether the court acted without reference to any guiding rules or principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Petitt v. Laware*, 715 S.W.2d 688, 690 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). For many years, the Texas intermediate courts have applied a more specific standard in determining whether a trial court abused its discretion in denying or granting a motion for a continuance: a trial court should grant a motion for continuance only if (1) it would not cause injury to the adverse party through postponement of the trial; and (2) it would not disrupt the court's docket or interfere with the handling of the court's business. *Lenamond v. North Shore Supply Co.*, 667 S.W.2d 283, 285 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Childs v. Reunion Bank*, 587 S.W.2d 466, 471 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Henderson v. Youngblood*, 512 S.W.2d 35, 37 (Tex.Civ.App.—El Paso 1974, no writ).

The burden of showing that a trial court abused its discretion is upon the party making such allegation. *See Turk v. First Nat'l Bank*, 802 S.W.2d 264, 266 (Tex.App.—Houston [1st Dist.] 1990, writ denied). We apply the above standard to the facts of the present case to determine whether appellants have met their burden.

Addressing first the question of whether the granting of a continuance would not harm the adverse party, we look at the evidence and the court's findings of fact.

The court found in its judgment that to grant a continuance for the purpose of securing a jury would cause injury to appellee, Collateral Protection, Inc., by postponing the trial, and that to grant a continuance for the purpose of securing a jury would disrupt the court's docket and interfere with the efficient handling of the court's business.

This suit was filed on July 19, 1990. After appellants were granted a continuance in December 1991, the court gave this suit preferential number one setting for trial on May 16, 1992. On the day of trial, after appellants' announcement of "ready for a jury trial" and "not ready for a non-jury trial," the court listened to arguments of counsel and advised the parties that it would proceed with a "bench trial." Appellants' motion for a continuance primarily addresses the topic of why they are entitled to a jury trial rather than why a continuance should be granted. There is no allegation in the motion that appellee would not be harmed by the granting of a continuance.

Appellee in pertinent part informed the court as follows:

If a jury is not available then the granting of a jury trial will entail delay. My client has had this three million dollar claim hanging over its head and his company's head since January of 1990, for over two years. It has impaired their ability to function. It has impaired their negotiations with respect to particular business transactions. My client wants to get this matter disposed of.

. . . .

Well, it's certainly our position that the postponement of this trial would cause substantial prejudice to my client, and we are prepared to go forward and offer proof with respect to pendency of transactions, transactions which have been delayed and which they are unable to consummate because of the pendency of this claim. They furnished audited financial statements and the company that furnishes audited financial statements is required to disclose the pendency of contingent claims.

The record does not show that appellants attempted to rebut or negate appellee's claim of harm or even addressed the issue of proving no harm to the adverse party. Thus, appellants failed to meet the first element of the standard applied in *Lenamond* and *Childs*.

Appellants were also required to show that a continuance would not disrupt the court's docket or interfere with the court's handling of business.

Appellants' only statement in their motion for continuance was: "Surely, it cannot be said that the granting of the continuance—would disrupt the court's docket, as this case has been pending on the jury docket at least since January of 1992." This statement belies the facts of the case.

The facts show that the case was set for trial in December 1991. The court granted appellants a continuance and at the same time set the case preferentially for trial in May 1992. When appellants filed their motion for continuance in May, the court gave the parties a lengthy explanation of how its multi-county dockets were set, why it could not give them another setting until sometime in 1993, and why this would be disruptive to the court's docket since this case had been preferentially set for May 26, 1992.

It is self-evident from these facts that the trial court's dockets are overloaded. The first continuance caused a delay in getting to trial of approximately five months. The second motion, if granted, would have caused a further delay of over seven months. In May 1992 the case had been on file approximately 22 months.

In the present case, appellants offered no evidence to sustain their burden of showing that the granting of their motion for continuance would not disrupt the court's docket or interfere with the court's handling of business. The evidence was to the contrary. Thus appellants have failed to meet the second element of the standard applied in *Lenamond* and *Childs* to obtain a continuance. The trial judge did not err in denying appellants' motion for a continuance. I would overrule appellants' point of error two.

The facts of this case are a good example of the dilemma the Texas trial judges face on a daily, weekly, and monthly basis. They are under mandates from the federal and state higher courts to afford litigants, criminal and civil, speedy trials while the trial courts case loads become heavier and heavier. It is manifest that if justice is to be served, all litigants must receive a speedy trial. In this case, the trial court properly followed the law and mandates of the higher courts.

As heretofore stated, I respectfully dissent to the majority opinion whereby it remands this case for a new trial. I would overrule appellants' first two points of error and proceed to address their other points of error, thereby making a full disposition of the appeal of this case.