## POUNDS et al. v. MARLER et al.

### No. 4205.

Court of Civil Appeals of Texas. Texarkana.
May 19, 1932.

Touchstone, Wight, Gormley & Price, of Dallas, and Ben D. Clower, of Tyler, for appellants.

Lasseter, Simpson & Spruiel, of Tyler, for appellees.

SELLERS, J.

This suit was filed in district court of Wood county by Mrs. Mollie A. Marler and others, who reside in Wood county, against Manton Pounds, W. M. Pounds, and Jesse Pounds, who reside in Delta county, to recover damages for the death of her husband, A. L. Marler, alleged to have been killed by the negligence of the defendants in driving a truck upon the Jim Hogg highway in Wood county, Tex.

It is alleged that the deceased, A. L. Marler, was struck and killed by a truck driven by Manton Pounds, that the truck belonged to W. M. and Jesse Pounds, severally and jointly, and that Manton Pounds was their agent, servant and employee, then and there acting within the scope of his employment at the time of the injury to and the death of the deceased, A. L. Marler.

Among the grounds of negligence alleged by the plaintiff is the following:

"Plaintiffs further allege that at the time, place and occasion above alleged, defendant Manton Pounds, acting as aforesaid, in the scope of his employment and agency saw and knew that A. L. Marler was in a position of peril immediately prior to the time that he was struck by said truck; that it was the duty of said defendant Manton Pounds then and there to use all such means at hand as were consistent with his safety to avoid striking A. L. Marler, and he could at that time, place and occasion, have avoided striking A. L. Marler by either:

"1. Sounding his horn;

"2. Lessening the speed of his truck and placing same under control.

"3. By altering the course of his truck to the side of the road in order to avoid striking the said A. L. Marler, but said defendant Manton Pounds negligently and carelessly failed to use the means at hand to avoid striking A. L. Marler, and as a direct and proximate result of his failure so to use the means at hand to avoid colliding with and killing A. L. Marler, the truck he was driving did in fact strike the said A. L. Marler and fatally injure him."

The defendants filed their plea of privilege to be sued in the county of their residence, which plea was controverted by the plaintiffs upon the ground that the suit was for damages for a trespass committed in Wood county, and, under subdivision 9 of article 1995 of the R. C. S., the district court of Wood county had venue of the suit. The court upon a hearing overruled the defendants' plea of privilege, from which order the defendants have duly prosecuted this appeal.

Upon a careful consideration of the evidence, we have concluded such evidence is sufficient to support the allegations of negligence above set out, and under the authority of Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980, the trial court did not err in retaining venue of the case as against the appellant Manton Pounds.

■ The evidence with respect to Manton Pounds' being the agent of W. M. and Jesse Pound at the time of the accident in Wood county complained of, as contained in appellees' brief, is as follows:

"Q. What is your name? A. Manton Pounds.

"Q. Where do you live? A. Lake Creek.

"Q. In what county? A. Delta.

"Q. Delta County, Texas? A. Yes, Sir.

"Q. How old are you? A. Twenty-two.

"Q. Where were you living in December, 1930? A. What day?

"Q. All during December of 1930, where was your home? A. Delta County, Lake Creek.

"Q. Who is your father? A. J. C. Pounds.

"Q. Have you a brother? A. Yes, Sir.

"Q. Have you more than one brother? A. No, Sir.

"Q. What is your brother's name? A. W. M. Pounds.

"Q. What is your business, Mr. Pounds? A. School-teacher.

"Q. What business is your brother in? A. Trucking.

"Q. What business is your father in? A. Ginning and farming.

"Q. Where do they live? A. Lake Creek.

"Q. Do all of you live together at Lake Creek in Delta County? A. No, Sir.

"Q. Near one another there? A. Yes, Sir.

"Q. Are you a married man? A. No, Sir.

"Q. Is your brother W. M. Pounds a married man? A. Yes, Sir."

We see nothing in the evidence which would support a finding that Manton Pounds was ever the agent or employee of the other appellants, to say nothing of his agency for them at the time of the accident complained of. The appellees having failed to offer any evidence upon the issue of Manton Pounds' being the agent of the other appellants, no prima facie case was made against such appellants authorizing the trial court in retaining the venue of the suit as against them.

There is no merit in appellants' contention that the controverting affidavit of appellees is insufficient, for the reason that it is not signed and sworn to by all the appellees instead of by only one. The controverting plea purports to be on behalf of all the plaintiffs, and is signed by their attorneys of record and sworn to by one of the plaintiffs. Such a controverting plea, in our opinion, should be held sufficient to meet the requirements of the statute.

The judgment of the trial court is affirmed in so far as it is against appellant Manton Pounds, and reversed as to W. M. Pounds and Jesse Pounds, with instructions to the trial court to transfer the case as to such appellants to the county of their residence.