**Guy F. MONEY, Appellant,**

v.

**Wanda A. JONES, Appellee.**

**No. 05–88–00714–CV.**

Court of Appeals of Texas, Dallas.

Jan. 23, 1989.

Rehearing Denied March 16, 1989.

Melvin H. Wolovits, William T. Mitchell, III, Dallas, for appellant.

Arlen D. Bynam, Dallas, for appellee.

Before ENOCH, C.J., and
ASHWORTH[1] and STEPHENS,[2] JJ.

ENOCH, Chief Justice.

Guy F. Money, appellant, challenges a take-nothing judgment on the ground that his attorney was not given notice of a visiting judge's assignment and was, therefore, preempted from objecting to the judge's assignment under section 74.053 of the Texas Government Code. Money further contends that the trial court erred in rendering judgment because he did not waive his right to a jury trial. We do not agree and affirm the judgment.

Money, a tenant, sought damages from his former landlord, Wanda Jones. Money's attorney appeared at docket call where he was first told that a visiting judge would hear the case if it went to trial. The attorney appeared before the visiting judge with a prepared motion for continuance and presented an oral motion to excuse the visiting judge. As noted on the continuance motion, it was tendered to the judge at 1:30 p.m. and a hearing was conducted. The judge specifically stated before proceeding with the hearing, that if a written objection to his sitting was filed he would recuse himself in accordance with the statutory provisions. The judge then asked the attorney if he wanted to proceed with the motion for continuance or to file a motion of objection. The attorney responded that he wanted to "reserve" his right to object to the assigned judge pursuant to section 74.053 of the Texas Government Code, but he wanted the court "to consider first the motion for continuance." The court did so, denied the continuance, and announced it would proceed to trial.

Then, the attorney again verbally objected to the visiting judge's assignment and the court ruled the objection was untimely. The attorney filed a hand-written motion of objection at 2:09 p.m. At this point, the attorney refused to go forward with the trial. Consequently, judgment was rendered that Money take nothing and Jones voluntarily dismissed her cross-claim.

Section 74.053(c) of the Texas Government Code clearly states that an objection to an assigned visiting judge "must be filed *before the first hearing* or trial, including pretrial hearings, over which the assigned judge is to preside." TEX.GOV'T CODE ANN. § 74.053(c) (Vernon 1988) (emphasis added). If the objection is timely filed, then the judge is disqualified to hear the case. TEX.GOV'T CODE ANN. § 74.053(b) (Vernon 1988). The record before us demonstrates that the objection was filed *after* the first hearing was conducted by the visiting judge. The objection was untimely. *See Curtis v. State*, 762 S.W.2d 958 (Tex.App.—Dallas 1988).

Money, however, argues that the presiding judge is required by mandatory language to issue notice to the attorneys of a visiting judge's assignment. The statute states that notice is to be provided if it is reasonable and practical to do so and if time permits. TEX.GOV'T CODE ANN. § 74.053(a) (Vernon 1988). The record reflects that the attorney was informed by telephone to come to the courthouse for docket call. He complains that he was not told over the telephone that a visiting judge had been assigned to the case. There is no other evidence presented on whether notice of assignment was reasonable or practical or whether time permitted an earlier notification to counsel. *See Williams v. State*, 746 S.W.2d 333, 335 (Tex.App.—Fort Worth 1988, no pet.). Also, we note that the attorney was afforded the opportunity to file a hand-written objection prior to proceeding with any hearing before the visiting judge. We overrule points of error number one and two.

In the third point of error, Money argues that the trial court erred in entering a judgment because he did not waive his right to a jury trial. The record shows that Money's attorney refused to go forward with the trial. Such refusal constitutes a failure to appear and waives any right to

**1.** The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Ft. Worth, sitting by assignment.

**2.** The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

trial by jury. *See Maldonado v. Puente,* 694 S.W.2d 86, 89 (Tex.App.—San Antonio 1985, no writ). TEX.R.CIV.P. 220. Money's third point of error is overruled.

The judgment of the trial court is affirmed.