**REVERSED AND REMANDED, Opinion issued April 17, 1997**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-95-01501-CV

**PAMELA BOURGEOIS, Appellant**

V.

**BRYAN WILLIAM COLLIER, Appellee**

### On Appeal from the 301st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 92-08850-T

## O P I N I O N

Before Justices Lagarde, Whittington, and James
Opinion By Justice Lagarde

This is an appeal from a final order modifying a decree of divorce. In two points of error, appellant Pamela Bourgeois asserts that Judge Robert G. Moss, an assigned former judge, erred: (1) in overruling her objection to his assignment, and (2) in overruling her motion to disqualify and/or recuse without complying with rule 18a of the Texas Rules of Civil Procedure. We sustain both points. The final order of the trial court, and other

orders, findings, and conclusions as set forth below, are vacated. This cause is remanded to the trial court for further proceedings consistent with this opinion.

## Factual and Procedural Background

Bourgeois and Brian William Collier were divorced in 1988. The divorce decree was entered by Judge Robert O'Donnell, the presiding judge of the 301st Judicial District Court. The divorce decree designated Bourgeois as managing conservator and Collier as possessory conservator of three minor children. Four years later, Collier filed in the 301st a motion to modify the divorce decree. The motion, among other things, sought a modification of the conservatorship. Collier moved for entry of temporary orders. Judge O'Donnell, still presiding in the 301st, granted temporary orders appointing Collier temporary managing conservator and requiring Bourgeois to surrender the children's clothing and personal effects to Collier.

Collier filed a motion for contempt alleging Bourgeois disobeyed the temporary orders by failing to surrender the clothing and personal effects. On April 4, 1994, Judge Moss, a former judge subject to the provisions of section 74.053(d) of the Texas Government Code, sitting in the 301st under a general assignment for a period of one week, presided over the contempt hearing. Judge Moss found Bourgeois in contempt. He ordered her to turn over the clothing and personal effects forthwith, assessed $873 in attorneys' fees and court costs against Bourgeois, and sentenced her to thirty days in jail, suspended for six months.

Shortly thereafter, Judge O'Donnell recused himself due to health reasons. On May 18, 1994, the presiding judge of the First Administrative Judicial Region ("First A.J.R.") specially assigned Judge Moss to hear this case. Bourgeois objected to the special assignment. Judge Moss overruled the objection by a written order which stated that Bourgeois waived the right to object to the special assignment because Judge Moss had earlier presided over the contempt hearing without objection. The case proceeded and Judge Moss eventually entered a final order modifying the divorce decree. The final order, in general, granted the custody arrangement Collier requested.

Thereafter, Bourgeois filed a motion for rehearing and a motion to disqualify and/or recuse Judge Moss. Judge Moss issued an order stating that the motion to recuse was not timely thus it need not be ruled upon, and further stating that the motion to disqualify failed to identify a basis for disqualification. The motion for rehearing was overruled by operation of law. *See* TEX. R. CIV. P. 328. This appeal followed.[1]

---

[1] To place Bourgeois' points of error in perspective, we briefly set forth the following chronology, with the objection and motion which form the basis of Bourgeois' points of error set out in italics:

| | |
|---|---|
| July 1992: | Collier files motion to modify final decree of divorce. |
| January 1994: | Judge O'Donnell hears motion for temporary orders and appoints a guardian ad litem. |
| February 1994: | Judge O'Donnell enters temporary orders and orders paternity testing. |
| March 1994: | Judge Moss is assigned to the 301st under a general assignment. |
| April 4, 1994: | Judge Moss, still sitting under a general assignment, presides over Collier's motion for contempt. |
| May 2, 1994: | Judge O'Donnell recuses himself. (continued...) |

## Objection to Assignment

In point of error number one, Bourgeois asserts Judge Moss erred in overruling her objection to the special assignment. Bourgeois objected pursuant to section 74.053 of the Texas Government Code which provides as follows:

> (a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or in part by the assigned judge.

---

[1](...continued)

| | |
|---|---|
| May 18, 1994: | The presiding judge of the First A.J.R. specially assigns Judge Moss to this case. |
| May 31, 1994: | *Bourgeois objects to Judge Moss's assignment pursuant to section 74.053 of the Texas Government Code.* |
| June 12, 1994: | Judge Moss overrules Bourgeois' objection to his assignment on the basis that it was not timely filed. |
| August and October 1994: | Judge Moss enters orders on motions in limine. |
| June 1995: | Judge Moss conducts evidentiary hearings on Collier's motion to modify. |
| July 21, 1995: | Judge Moss enters order on Collier's motion to modify. |
| August 3, 1995: | *Bourgeois files motion to disqualify and/or recuse Judge Moss pursuant to Texas Rule of Civil Procedure 18a.* |
| August 3, 1995: | Bourgeois files motion to reconsider July 21 order modifying divorce decree. |
| October 8, 1995: | Judge Moss overrules Bourgeois' motion to recuse and disqualify on the basis that it was not timely filed. |
| October 8, 1995: | Judge Moss enters findings of fact and conclusions of law in support of the July 21 order modifying the divorce decree. |
| October 17, 1995: | Bourgeois' motion for rehearing is overruled by operation of law. *See* TEX. R. CIV. P. 328. |

(b) If a party to a civil case files a timely objection to the assignment, the judge is disqualified to hear the case.

(c) An objection under this section must be filed before the first hearing or trial, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp. 1997).

When a party files a timely objection to an assigned judge under section 74.053 of the Texas Government Code, the assigned judge's disqualification is mandatory, and any subsequent orders he issues are nullities. *Ex parte Holland*, 807 S.W.2d 827, 828 (Tex. App.--Dallas 1991, orig. proceeding); *Starnes v. Chapman*, 793 S.W.2d 104, 107 (Tex. App.--Dallas 1990, orig. proceeding).

Collier argues that Bourgeois's objection to the special assignment was properly overruled. He argues that the May 18 special assignment was a "ministerial act" because the April 4 general assignment that authorized Judge Moss to preside over the 301st District Court authorized him to preside over the contempt hearing *and* the trial on the merits of the motion to modify. Collier bases his argument on the language of the general assignment, which provided as follows:

> This assignment is for the period of one week, . . . beginning the 4th day of April, 1994, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned judge to complete trial of any case or cases begun during this period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge

herein assigned during this period.

No party objected to Judge Moss presiding over the April 4, 1994 contempt hearing. Thus, Collier argues that Judge Moss's general assignment continued "after the specified period of time as [was] necessary . . . to complete [the] trial" and to rule on all other "matters growing out of" the contempt hearing. That language, according to Collier, authorized Judge Moss to preside at the trial on the merits.

Bourgeois argues that the general assignment did not authorize Judge Moss to preside at the trial on the merits. It authorized him only to preside over the contempt hearing and to complete the trial of the contempt hearing and any matters "growing out of" the contempt hearing that extended beyond the term of the assignment. The contempt hearing was an action separate and independent from the trial on the merits. In contrast, the special assignment authorized Judge Moss to preside over the trial on the merits. The special assignment was similar in form to the general assignment set forth above, but was an assignment limited to "hear[ing] cause no. 92-8850-T; Styled: Collier v. Collier." Therefore, Bourgeois argues that without the May 18 special assignment, Judge Moss was not authorized to preside over the trial on the merits, and her objection made before Judge Moss presided over any hearing under special assignment was timely. We agree.

Ordinarily, if an assigned judge sitting under a general assignment presides over any pretrial hearing, he is authorized to hear all related proceedings, including trial on the merits. *See Money v. Jones*, 766 S.W.2d 307, 308 (Tex. App.--Dallas 1989, writ denied).

A contempt proceeding, however, is not necessarily a pretrial hearing but can be a separate and independent proceeding. Contempt is a "unique" sanction. *See Ex parte Griffin*, 682 S.W.2d 261, 263 (Tex. 1984) (Robertson, J. concurring). It is not an ordinary civil proceeding because it is quasi-criminal in nature. *See Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967). A motion for contempt is comparable to a criminal indictment. *See Ex parte Oliver*, 736 S.W.2d 277, 278 (Tex. App.--Fort Worth 1987, orig. proceeding). The contemner must be personally served with the motion, *see Ex parte Cardwell*, 416 S.W.2d at 384, and must have reasonable notice of the charges. *See Ex parte Oliver*, 736 S.W.2d at 278. An indigent contemnor may have a right to appointed counsel, *see Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995), and he is entitled to a Sixth Amendment right to trial by jury if charged with a major offense. *See Ex parte Sproull*, 815 S.W.2d 250 (Tex. 1991). As a general rule, the validity of a contempt judgment cannot be appealed but can only be attacked collaterally by habeas corpus. *See Ex parte Sealy*, 870 S.W.2d 663, 666 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding).

Thus, we reject the contention that because an assigned judge presides over a contempt proceeding, all other proceedings under the same style "grow out of" the contempt proceeding. Clearly, a contempt proceeding can be separate and independent from a trial on the merits. Each case must be reviewed according to its own facts.

In the case at bar, we initially note that the presiding judge of the First A.J.R. issued a special assignment. Judge Moss's order overruling Bourgeois's objection to his special

assignment characterizes the special assignment as "superfluous" because the general assignment vested him with authority to preside over all matters in controversy. We reject that contention. The more reasonable conclusion is that the presiding administrative judge viewed the contempt proceeding as separate and independent from the trial of the underlying case.

Next, we look to the issues in controversy in the contempt proceeding. The motion for contempt alleged that Bourgeois violated the temporary orders entered by Judge O'Donnell on February 11 by failing to surrender the children's clothing and personal effects (such as toys and items of personal enjoyment) to Collier. At the time of the contempt hearing, the live pleading on the merits was Collier's third amended motion to modify in suit affecting parent-child relationship. That pleading, unlike the contempt proceeding, did not concern the children's personal property. To the contrary, the pleading specifically stated that "[t]here has been no change in the status of the children's property since the rendition of the order sought to be modified." Similarly, neither the final order on the motion to modify nor the findings of fact and conclusions of law entered by Judge Moss concerned the children's personal property.

Accordingly, in considering the unique nature of contempt proceedings in light of the facts of this case, we conclude the trial on the merits of the underlying case did not "grow out of" the contempt proceeding. Thus, Judge Moss had no authority, except by the special assignment, to preside over the trial on the merits. Because Bourgeois objected to the

-8-

assignment of Judge Moss before he presided over a hearing pursuant to the special assignment, his disqualification was mandatory. *See Starnes*, 793 S.W.2d at 107. Accordingly, Bourgeois's first point of error is sustained and all orders, findings, and conclusions issued by Judge Moss after May 31, 1994, the date of Bourgeois's objection, are vacated. *See id.*

## Motion to Disqualify and/or Recuse[2]

Judge Moss entered a final order on Collier's motion to modify on July 21, 1995. On August 3, 1995, Bourgeois filed a motion for rehearing. On the same day, she also filed a motion to disqualify and/or recuse Judge Moss pursuant to rule 18a of the Texas Rules of Civil Procedure. The general background facts alleged in that motion include the following: Judge Moss had preconceived opinions about Bourgeois and her character. In support of this contention, Bourgeois alleged that Judge Moss engaged in gossip about Bourgeois's sexual activities. The alleged gossip was with two legal assistants who worked for an attorney Bourgeois was considering retaining. He disclosed to those same legal assistants a personal childhood trauma experienced by Bourgeois. He also remarked to Bourgeois, who was pregnant, "I can't figure out what you like better -- being pregnant or getting that way." Bourgeois interpreted that remark as having sexual connotations and constituting

---

[2] Our disposition of point one vacates the orders, findings, and conclusions at issue in point two. Nevertheless, we address point two to eliminate the possibility of the supreme court remanding this case to this Court for consideration of points not previously addressed. The motion to modify was filed in 1992 and involves the conservatorship arrangement of minor children. In the interest of justice, we seek to avoid sending this case into "appellate orbit." *See Eagle Properties, Ltd. v. Scharbauer*, 816 S.W.2d 559, 563 (Tex. App.--El Paso 1991, writ denied) (Osborne, C.J., concurring).

sexual harassment. Bourgeois further alleged that Judge Moss, in an ex parte communication, told Bourgeois's counsel that Bourgeois was contacting other attorneys regarding her representation. Bourgeois alleged this interference destroyed her ability to work effectively with her counsel and denied her a fair trial. Bourgeois also alleged that Judge Moss had personal knowledge of disputed evidentiary facts, and he was "privy" to attorney work product and inadmissible evidence.

Based on those allegations, Bourgeois moved to recuse Judge Moss on the basis that his impartiality might reasonably be questioned and he was so tainted by personal knowledge of disputed facts that he had already prejudged the case. Further, she moved to disqualify Judge Moss because he had an "interest in the subject matter in controversy pursuant to [article 5, section 11 of the Texas Constitution and rule 18b(1) of the Texas Rules of Civil Procedure]."

On October 6, 1995, Judge Moss issued an "Order on Motion to Disqualify and/or Recuse." In that order, Judge Moss stated that the motion to recuse filed after entry of judgment was not timely and would not be considered. As to the motion to disqualify, Judge Moss ruled as follows:

> It is a settled principle of law that the interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuniary or personal interest in the result of the case presented to the judge of the court. [Citation omitted.] Movant fails to identify, in pleading or in testimony, any pecuniary or personal interest held by the judge. Hence there is no basis for disqualification.

In point of error number two, Bourgeois asserts that Judge Moss erred in issuing the above order without complying with rule 18a of the Texas Rules of Civil Procedure,[3] which if applicable, required Judge Moss to either recuse himself or refer the motion to the presiding judge of the First A.J.R. *See* TEX. R. CIV. P. 18a; *see also, Lamberti v. Tschoepe,* 776 S.W.2d 651, 652 (Tex. App.--Dallas 1989, writ denied); *Greenberg, Benson, Fisk & Fielder, P.C. v. Howell,* 685 S.W.2d 694, 695 (Tex. App.--Dallas 1984, no writ).

Collier argues that rule 18a does not apply because the motion was not timely filed and, in any event, Judge Moss did not rule on the motion but merely stated it was not timely filed. We disagree. Rule 18a requires the motion to be filed "at least ten days before the date set for trial or other hearing." *See* TEX. R. CIV. P. 18a(a). Although Bourgeois's

---

[3] Rule 18a provides in relevant part as follows:

(a) At least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case.

\* \* \*

(c) Prior to any further proceedings in the case, the judge shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.

\* \* \*

(d) If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

TEX. R. CIV. P. 18a.

motion was filed after entry of final order, it was filed timely in relation to Bourgeois's motion for rehearing.[4] Moreover, even if the motion was not timely, Judge Moss was still required to either recuse himself or refer the motion to the presiding administrative judge before he took any further action. *See Lamberti*, 776 S.W.2d at 652 (regardless of procedural sufficiency of motion, trial judge must recuse himself or refer case to presiding administrative judge). In this case, Judge Moss entered findings of fact and conclusions of law after the motion was filed.

We also reject Collier's contention that Judge Moss did not actually rule on the motion. The order states that the motion to recuse was not timely filed and that there was no basis for disqualification.

We express no opinion on the merits of the motion. That issue is not before us. We only conclude that (1) Judge Moss was not authorized to rule on the motion to disqualify and/or recuse, and (2) Judge Moss was required to comply with the mandates of rule 18a and, after the motion was filed, was not authorized to take any action except for those actions specifically authorized by rule 18a. Accordingly, the October 6, 1995 order on Bourgeois's motion to recuse and/or disqualify and the findings of fact and conclusions of law are vacated.

_____

[4] The motion to disqualify or recuse was filed on August 3, 1995 and was overruled on October 6, 1995. The motion for rehearing was filed on August 3, 1995 and was overruled by operation of law on October 17, 1995. We note that Bourgeois filed a motion for extension of time for hearing on the motion for new trial. In that motion, Bourgeois stated Judge Moss refused to recuse himself and Bourgeois twice requested the presiding judge of the First A.J.R. to appoint another judge to hear the recusal motion, but her requests were to no avail.

-12-

Bourgeois's motion to recuse and/or disqualify and the findings of fact and conclusions of law are vacated.

## Conclusion

For the reasons set forth above, the final order modifying the divorce decree and other orders, findings and conclusions as identified in this opinion are vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

SUE LAGARDE
JUSTICE

Publish
Tex. R. App. P. 90
951501F.P05

-13-