NUMBER 13-97-478-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


FLORENTINO LOPEZ, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 197th District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Florentino Lopez, was charged by indictment with three
counts of aggravated sexual assault and one count of indecency with
a child. After a bench trial, the trial court found appellant guilty of the
offenses charged in the indictment and assessed his punishment at: (1)
forty years confinement and a $10,000 fine for count one, (2) twenty
years confinement for count two, (3) twenty years confinement for
count three, and (4) ten years confinement for count four. The trial
court ordered that all four sentences run concurrently.

 The sole issue on appeal is whether the trial judge had the
authority to convict and sentence appellant. Appellant contends the
record is devoid of an order assigning Cameron County Court at Law
Judge Everardo Garcia to preside over appellant's felony trial in the
197th District Court of Cameron County, Texas. We reverse and
remand.

 A judge must have authority to preside over a case. Davis v.
State, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997); Johnson v. State,
869 S.W.2d 347, 349 (Tex. Crim. App. 1994). There is no constitutional
or statutory authority for a statutory county court judge to preside over
a matter in a district court without an assignment from an
administrative judge. See Tex. Gov't Code Ann. §§ 74.054, 74.094
(Vernon 1998). The record must contain evidence of an assignment of
a judge elected at one level to preside in a court of another level. See
Herrod v. State, 650 S.W.2d 814, 817 (Tex. Crim. App. 1983) (no order
assigning retired district judge to preside in county court).

 In the case before us, appellant is not complaining of Judge
Garcia's assignment or that statutory procedures were not followed in
the assignment process. Instead, appellant complains the record does
not show that Judge Garcia was assigned to sit in the 197th District
Court at the time of his trial.

 The State did not seek to supplement the record with an order of
assignment. Pursuant to rule 34.5(c) of the rules of appellate
procedure, this Court asked the district clerk to supplement the record
with documentation, if any, of Judge Garcia's assignment. The district
clerk supplemented the record with a copy of an assignment order
signed on February 24, 1997 by Darrell Hester, Presiding Judge of the
Fifth Administrative Judicial Region.

 Judge Hester's order provides, in relevant part, as follows:

Pursuant to Section 74.056, Texas Government
Code, I hereby assign the


Honorable Everardo Garcia


Judge of the County Court at Law No. 1


To the 197th District Court of Cameron County,

Texas


 This assignment is for the period February
24, 1997, and ending February 28, 1997,
provided that it shall continue thereafter so long
as may be necessary for the assigned judge to
complete trial of any cause begun during such
period, and to pass on motions for new trial and
all other matters growing out of any cause heard
by the assigned judge during such period. 


 Appellant's trial was initially set to commence in the 197th District
Court on February 24, 1997. On that day, appellant's counsel informed
Judge Garcia that he could not appear for trial because he was
scheduled to go to trial in another case in federal court. Judge Garcia
granted a continuance and reset the case for April 14, 1997. The case
was tried before Judge Garcia in April 1997.

 In civil cases, an assigned judge may continue in a case if he has
presided over a pretrial hearing without objection. See Bourgeois v.
Collier, 959 S.W.2d 241 (Tex. App.--Dallas 1997, no writ); Money v.
Jones, 766 S.W.2d 307 (Tex. App.--Dallas 1989, writ denied). Both
Bourgeois and Money rely on statutory language found in section
74.053(c)(1) of the government code to determine whether a party has
waived objection to an assigned judge. However, the court of criminal
appeals has held that section 74.053 does not apply in criminal cases. 
Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 586-87 (Tex.
Crim. App. 1993).

 Judge Hester assigned Judge Garcia to sit in the 197th District
Court during the week beginning February 24, 1997 and ending
February 28, 1997. However, the assignment was to continue as "long
as may be necessary for [Judge Garcia] to complete trial of any cause
begun during such period." (Emphasis added). The task before us is to
determine whether appellant's trial began during the week of February
24, 1997.

 Although no Texas court has determined when a trial begins for
the purposes of assignment, this Court has held that in criminal
matters, a trial on the merits commences at the time that jeopardy
attaches. Hinojosa v. State, 875 S.W.2d 339, 342 (Tex. App.--Corpus
Christi 1994, no pet.) (interpreting Tex. Code Crim. Prod. Ann. art. 28.10
(Vernon 1989)). "Commence" and "begin" are synonymous. See
Black's Law Dictionary 268 (6th ed. 1990). 

 The only action taken by Judge Garcia in this case during the
week of February 24-28, 1997, was to grant a continuance. There is no
motion for continuance in the record, and, aside from a docket entry
continuing the case, the record is silent as to whether a hearing was
actually held by Judge Garcia. 

 We hold appellant's trial did not begin during the week of February
24-28, 1997, and that Judge Garcia was without authority to preside
over appellant's trial in April 1997. Appellant's sole issue is sustained.

 We reverse the judgment and remand the case to the trial court for
a new trial.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 17th day of August, 2000.

1. § 74.053. Objection to Assigned Judge

(c) An objection under this section must be filed before the first
hearing or trial, including pretrial hearings, over which the
assigned judge is to preside.


Tex. Gov't Code Ann. § 74.053(c) (Vernon 1998).