

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00219-CV

LUIS S. LAGAITE, JR., APPELLANT

V.

GREGORY C. BOLAND, ET AL, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 97,061-C, Honorable Ana Estevez, Presiding

November 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Luis S. Lagaite, Jr. (Lagaite) appeals the dismissal of his lawsuit against Gregory C. Boland and other prison employees or officials. Through three issues, he contends that the trial court erred by 1) denying *sua sponte* the motion to recuse that he filed, 2) denying him the "fundamental right of due process and equal protection," and 3) dismissing his original petition and complaint. We address only the first issue and, upon addressing it, reverse.

### Issue One—Motion for Recusal

On September 9, 2011, Boland filed a motion to declare Lagaite a vexatious litigant. On January 5, 2012, Lagaite filed a motion to recuse the trial judge from

proceeding. He alleged that the court had demonstrated a strong bias and prejudice against him. At the hearing upon Boland's motion, Lagaite objected to the proceeding because of his pending motion to recuse. In response, the trial court neither recused herself nor requested the administrative presiding judge to assign another jurist to hear the recusal motion; she denied the motion herself.

Once a motion to recuse is filed against a particular jurist, that judge only has two options on how to proceed. He may recuse himself or request the administrative presiding judge to assign another judge to hear the motion. *Victor Enters., Inc. v. Holland,* No. 05-10-01592-CV, 2013 WL 329034, 2013 Tex. App. LEXIS 836, at *4-5 (Tex. App.—Dallas January 13, 2013, no pet.); *Bourgeois v. Collier*, 959 S.W.2d 241, 246 (Tex. App.—Dallas 1997, no writ). The trial judge at bar was not authorized to take any action other than that described above. Because she did not comply with that procedure, she erred. Consequently, we reverse the order denying the motion to recuse, without ruling on its merits. Furthermore, because the trial judge was without authority to continue to hear the case, any orders or judgments made subsequent to the denial of the recusal motion, including the order declaring Lagaite a vexatious litigant, are void. *Victor Enters., Inc. v. Holland, supra.*

Accordingly, we sustain the first issue, reverse the order denying the motion to recuse, reverse the order dismissing the cause, and remand the proceeding to the trial court.

Per Curiam