**Affirm and Opinion Filed August 3, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00959-CV**

**LULU SCHWARTZ AND ROBERT SCHWARTZ, Appellants**
**V.**
**JODY LYNN JOHNSON AND JODY LYNN JOHNSON P. C., Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-11113**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Reichek
Opinion by Justice Molberg

Lulu and Robert Schwartz appeal the trial court's order granting summary judgment to appellees Jody Lynn Johnson and her law firm on the multiple tort, quasi-contract, and statutory claims filed against them.[1]  The Schwartzes argue the trial judge abused her discretion by granting summary judgment in appellees' favor, by refusing to rule on their motion for new trial, and by refusing to recuse herself

---

[1] To the extent we need to distinguish between Johnson and her law firm, we refer to Johnson by name and to her law firm as "Firm."  Otherwise, we refer to them collectively as "appellees."

and follow the procedures in civil procedure rule 18a.  *See* TEX. R. CIV. P. 18a.  We affirm the judgment in this memorandum opinion.  *See* TEX. R. APP. P. 47.4.

## BACKGROUND

*"[M]isery acquaints a man with strange bed-fellows."*[2]

The Schwartzes—once spouses and later adversaries in an underlying family law proceeding that they claim originated in May 2013—sued Johnson and her Firm in August 2020, asserting multiple tort, quasi-contract, and statutory claims against them based on Johnson's prior appointment as the amicus attorney for the Schwartzes' children in the underlying proceeding.

In this case, the Schwartzes essentially claim Johnson and her Firm engaged in "a pattern of ongoing fraud, deceit, negligence, overbilling, [and] misrepresentation" to their own benefit and to the detriment of the Schwartzes and their children.  They filed an original, first amended, and second amended original petition against appellees and assert thirteen causes of action against appellees.[3]

In June 2021, about two months after the Schwartzes filed their latest pleading, appellees moved for traditional summary judgment on all of the Schwartzes' claims.  They asserted three bases for summary judgment, arguing that (1) the Schwartzes' claims are barred by qualified immunity under Texas Family

---

[2] WILLIAM SHAKESPEARE, THE TEMPEST, act 2, sc. 2, l. 41–42.

[3] The Schwartzes' latest pleading describes these causes of action as fraud in the inducement, fraudulent representation, common law fraud, statutory fraud, negligent misrepresentation, fraudulent concealment, negligence, breach of fiduciary duty, misappropriation of fiduciary property, abuse of process, money had and received, civil conspiracy, deceptive trade practices, and unjust enrichment.

Code § 107.009(a), (2) the Schwartzes' claims are barred by res judicata and/or collateral estoppel, and (3) the Schwartzes lack standing because appellees owed them no duty as a matter of law.

The Schwartzes responded to appellees' summary judgment motion, objected to certain evidence, and moved for a continuance of the summary judgment hearing. The trial court denied the Schwartzes' motion for continuance, ruled on their evidentiary objections, and granted summary judgment for appellees on the Schwartzes' claims in an order signed July 27, 2021. The order did not state any particular reason why the trial court granted the motion.

Thirty days later, the Schwartzes moved for a new trial. Appellees filed a response, and the trial court heard the motion on September 28, 2021. In their motion for new trial, the Schwartzes argued, for the first time, the trial judge should recuse herself "because her husband served as an attorney for one of the [Schwartzes] in the underlying family law matter which is the basis for [their] Petition." The Schwartzes also made this argument in the September 28, 2021 hearing but did not file a written motion to recuse until October 21, 2021, twenty-three days after the hearing. The motion to recuse was filed by both appellants but was only verified by appellant Lulu Schwartz. The trial court did not hear or rule on the motion to recuse and did not refer the motion to another judge for consideration.

The Schwartzes' motion for new trial was overruled by operation of law on October 11, 2021. *See* TEX. R. CIV. P. 329b(c).

–3–

On appeal, the Schwartzes describe the issues presented as follows:

[1] Whether the trial court abused its discretion when [the trial judge] granted Appellees' Motion for Summary Judgment when genuine issues of fact or law existed; [2] refused to recuse herself; [3] refused to rule on Appellants' Motion for New Trial; and [4] refused to follow the procedures governing motions for recusal outlined in Texas Rule of Civil Procedure [18a].[4]

Although the Schwartzes do not number their issues in this manner, we have added the bracketed numbers in the quoted information so that we may more easily consider and discuss these issues.

## A.     Issue One:  Motion for Summary Judgment

In their first issue, the Schwartzes argue the trial court "abused its discretion" by granting appellees' traditional motion for summary judgment when genuine issues of law and fact existed.

We review de novo the trial court's ruling on a motion for summary judgment. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  In conducting our review, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Ortiz*, 589 S.W.3d at 131 (quoting *Dorsett*, 164 S.W.3d at 661).

---

[4] For purposes of this appeal, we construe the Schwartzes' various references to Texas Rule of Procedure "18" and "18(a)" as referring to rule 18a, which explains the procedures for motions to recuse in certain cases.

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Ortiz*, 589 S.W.3d at 131; *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant does so, the burden then shifts to the nonmovant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact on the challenged element. *Lujan*, 555 S.W.3d at 84. A genuine issue of material fact exists if the evidence regarding the challenged element "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

When a party moves for summary judgment on multiple grounds and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, the appellant must negate all possible grounds upon which the order could have been granted, *see Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied), and if an appellant does not do so, we must uphold the summary judgment on the unchallenged grounds. *See id.*; *see also Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.) ("a reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted").

In this case, appellees asserted three bases for summary judgment. On appeal, the Schwartzes challenge only one of them, focusing in their first issue only on whether their claims are barred by qualified immunity under Texas Family Code § 107.009(a). They do not challenge res judicata[5] or their own standing, the other two bases asserted in appellees' summary judgment motion.

Because the Schwartzes have not negated all possible grounds upon which the trial court's summary judgment order could have been granted, we must uphold the summary judgment on the two unchallenged grounds. *See Jarvis*, 298 S.W.3d at 313; *Adams*, 154 S.W.3d at 875. Under the circumstances, we need not consider the Schwartzes' arguments regarding immunity under Texas Family Code § 107.009 and conclude the trial court did not err in granting summary judgment to appellees.

We overrule the Schwartzes' first issue.

## B. Issue Three: Motion for New Trial

In their third issue, the Schwartzes argue the trial court abused its discretion by failing to rule on their motion for new trial. We review a trial court's ruling on a motion for new trial for abuse of discretion. *See In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.) ("Whether to grant or deny a motion for new trial is generally a matter addressed to the broad discretion of the trial court, and [its]

---

[5] In this instance, our reference to res judicata refers to the general doctrine of res judicata, which, broadly speaking, "is the generic term for a group of related concepts concerning the conclusive effects given final judgments" and within which two principal categories exist: "(1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel)." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

action will not be disturbed on appeal absent an abuse of that discretion.") "[W]e may not overrule the trial court's decision unless the trial court acted in an arbitrary or unreasonable manner, without reference to guiding rules or principles." *Id.*

We conclude the trial court did not abuse its discretion by failing to rule on the Schwartzes' motion for new trial. "Trial courts are not required to rule on motions for new trial because the passage of time serves to overrule a new trial motion by operation of law." *In re McCoy*, No. 05-14-00727-CV, 2014 WL 2609233, at *1 (Tex. App.—Dallas June 10, 2014, orig. proceeding) (mem. op.) (citing, among other cases, *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 28 (Tex. 1994)). "A trial court does not abuse its discretion by not ruling on a motion for new trial and by allowing the motion to be overruled by operation of law." *In re McCoy*, 2014 WL 2609233, at *1 (citing *Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied)).

We overrule the Schwartzes' third issue.

## C.   Issues Two and Four:  Motion to Recuse

In their second and fourth issues, the Schwartzes argue the trial court abused its discretion by failing to rule on their motion to recuse (issue two) and by failing to follow the procedures set forth in Texas Rule of Civil Procedure 18a (issue four).

We review an order denying a motion to recuse for an abuse of discretion. *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.); *see* TEX. R. CIV. P. 18a(j)(1). The party moving for recusal bears the burden of proving

recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial. *Drake*, 529 S.W.3d at 528. "The test for recusal is 'whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial.'" *Id*. (quoting *Hansen v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 776 (Tex. App.—Dallas 2011, no pet.)).

Rule 18a requires that motions to recuse be verified. *See* TEX. R. CIV. P. 18a(a)(1). While appellant Lulu Schwartz was the only party to verify the motion to recuse in this case, because the motion to recuse was filed on behalf of both appellants, whose interests in this case were aligned, we assume, but do not decide, that her sworn affidavit was sufficient to satisfy rule 18a(a)(1)'s requirement that the motion to recuse be verified. *See, e.g. Phillips v. Chapman*, 288 S.W. 1100, 1103 (Tex. App.—El Paso 1926, no pet.) (concluding verification of pleas by one party and adoption of pleas by other parties was sufficient); *Pounds v. Marler*, 50 S.W.2d 382, 384 (Tex. App.—Texarkana 1932, no pet.).[6]

---

[6] *Phillips* and *Pounds* do not involve a review of a motion to recuse but instead raise questions regarding the sufficiency of certain verified pleas in cases involving multiple co-parties. In *Pounds*, the appellants argued the appellees' controverting affidavit was insufficient because it was not signed and sworn to by all the appellees instead of by only one. Our sister court rejected that argument, stating there was "no merit" in it, and concluded the controverting plea should be held sufficient because it purported to be on behalf of all the plaintiffs, was signed by their attorneys of record, and was sworn to by one of the plaintiffs. *Pounds*, 50 S.W.2d at 384.

Motions to recuse must meet certain other requirements as well, including regarding the time in which they are filed. Rule 18a states:

> (b) *Time for Filing Motion.*
>
>> (1) Motion to Recuse. A motion to recuse:
>>
>>> (A) must be filed as soon as practicable after the movant knows of the ground stated in the motion; and
>>>
>>> (B) must not be filed after the tenth day before the date set for trial or other hearing unless, before that day, the movant neither knew nor reasonably should have known:
>>>
>>>> (i) that the judge whose recusal is sought would preside at the trial or hearing; or
>>>>
>>>> (ii) that the ground stated in the motion existed.

TEX. R. CIV. P. 18a(b).

In *Bourgeois v. Collier*, 959 S.W.2d 241, 246 (Tex. App.—Dallas 1997, no pet.), we vacated an order denying a motion to recuse or disqualify as untimely, concluding that while the motion was filed after entry of a final order, it was filed timely in relation to the party's motion for rehearing. We also stated that, even if the motion was not timely, the trial judge was still required to either recuse himself or refer the motion to the presiding administrative judge before he took any further action, and we noted that after the motion was filed in that case, the trial judge entered findings of fact and conclusions of law. *Id.* Under those circumstances, we vacated the findings of fact and conclusions of law and the trial court's order on the motion to recuse or disqualify, concluding that the trial judge "was not authorized to rule on the motion to disqualify and/or recuse, . . . was required to comply with the

mandates of rule 18a[,] and, after the motion was filed, was not authorized to take any action except for those actions specifically authorized by rule 18a." *Id.*

*Bourgeois* is distinguishable, and the circumstances in this case require a different result. Here, the motion and hearing in which the Schwartzes first argued the trial judge should have recused herself was in their motion for new trial, and their verified motion to recuse was filed twenty-three days *after* that hearing, not ten days *before* it. *See* TEX. R. CIV. P. 18a(b)(1)(B).[7] Also, after the Schwartzes filed their verified motion to recuse, the trial judge did not take any action, unlike *Bourgeois*, 959 S.W.2d at 246.

Additionally, in *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 422 (Tex. App.—Dallas 2006, no pet.), we concluded the trial judge did not abuse his discretion in concluding appellants' motion to recuse was untimely when parties filed a motion to recuse based on grounds known to the parties prior to the commencement of the hearing and did not make the motion until after the judge heard argument and made rulings regarding the subject matter of the hearing. In this case, appellant Lulu Schwartz states in the affidavit accompanying the motion to recuse that she filed for divorce from appellant Robert Schwartz on May 10, 2013,

---

[7] Rule 18a(b)(1)(B) states the motion to recuse:

(B) must not be filed after the tenth day before the date set for trial or other hearing unless, before that day, the movant neither knew nor reasonably should have known:

(i) that the judge whose recusal is sought would preside at the trial or hearing; or

(ii) that the ground stated in the motion existed.

–10–

and during the period from 2013 to 2015, although she was primarily represented by one particular lawyer in a certain firm, she "was also represented" by Michael Wysocki, another lawyer in the same firm, and who, according to the Schwartzes' motion to recuse, is the husband to the trial judge in this case. Appellant Lulu Schwartz's affidavit also states that the trial judge in this case "was initially assigned to be the Judge overseeing [the] divorce proceedings but recused herself due to the conflict of interest of her husband representing" her, and she states that due to that recusal, the final divorce decree was entered in August of 2020 by a different judge. Thus, the record reflects that the Schwartzes knew the circumstances that form the basis for their motion to recuse at least as early as 2013 and certainly no later than August 2020. Yet they did not file their written motion to recuse until October 21, 2021, eighty-six days after the trial court granted appellees' summary judgment motion, twenty-three days after the hearing on their motion for new trial,[8] and ten days after their motion for new trial was overruled by operation of law.

Based on this record, we conclude the trial court did not abuse its discretion by failing to rule on their motion to recuse and by failing to follow the procedures set forth in rule 18a.

We overrule the Schwartzes' second and fourth issues.

---

[8] As indicated earlier, the Schwartzes first argued that the trial judge should recuse herself in this case in their motion for new trial.

## CONCLUSION

We affirm the trial court's judgment.

/Ken Molberg/

210959f.p05
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LULU SCHWARTZ AND ROBERT SCHWARTZ, Appellants

No. 05-21-00959-CV     V.

JODY LYNN JOHNSON AND JODY LYNN JOHNSON P. C., Appellees

On Appeal from the 44th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-11113. Opinion delivered by Justice Molberg. Chief Justice Burns and Justice Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JODY LYNN JOHNSON AND JODY LYNN JOHNSON P. C. recover their costs of this appeal from appellant LULU SCHWARTZ AND ROBERT SCHWARTZ.

Judgment entered this 3rd day of August, 2023.