

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00101-CV
No. 10-15-00108-CV

IN THE INTEREST OF J.T., A CHILD
AND
IN THE INTEREST OF M.K., A CHILD

From the 74th District Court
McLennan County, Texas
Trial Court Nos. 2013-2639-3 and 2013-154-3

## MEMORANDUM OPINION

William K. and Ashley T. appeal from judgments that terminated the parent-child relationship between them and their children, J.T. and M.K.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West 2008).  In presenting this appeal, William's appointed counsel has

---

[1] M.K. was removed from William and Ashley prior to J.T.'s birth.  J.T. was removed from William and Ashley at the hospital.  The cases were filed separately and never consolidated; however, they were tried together.  The trial court entered judgments in each cause number, which were appealed separately.  The issues presented in each appeal are the same; therefore, we will issue one opinion for both proceedings.

filed an *Anders* brief in support of a motion to withdraw in each appeal.[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). In one issue, Ashley complains that the trial court abused its discretion by denying her jury demand. We grant William's counsel's motions to withdraw, find that the trial court did not abuse its discretion by denying Ashley's jury demand, and affirm the judgments of the trial court.

*Anders v. California*

The procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). *See also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-647 (Tex. App.—Austin 2005, pet. denied). In support of William's counsel's motions to withdraw, counsel certifies that a conscientious examination of the record has been conducted and, in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies that he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, William's appeals are frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated compliance with

---

[2] William's original appellate counsel passed away after she filed the *Anders* briefs and motions to withdraw with this Court, which was also after the time for William to file a *pro se* response had passed. We abated this proceeding for the appointment of new counsel to review the motions to withdraw and briefs in support of the motions and new appellate counsel has notified this Court that he wishes to adopt the motions and briefs filed by William's original appellate counsel. We grant William's new appellate counsel's request to adopt the previously-filed motions to withdraw and briefs in support of the motions.

the requirements of *Anders* by (1) providing a copy of the briefs to William and (2) notifying him of his right to file a *pro se* response if he desired to do so. *Id.* William has not filed a *pro se* response to the *Anders* briefs.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.).

### *Standard of Review in Termination Cases*

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007. *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001; *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

*Acts or Omissions*

The orders of termination each recite that William:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children;

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children;

failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children; and

used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and: (i) failed to complete a court-ordered substance abuse treatment program; or (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (O), & (P).

Appellate counsel was appointed for William. A motion for new trial was filed by William's original appellate counsel, but there is nothing in the record to indicate that a hearing was requested or held on the motion.

By the *Anders* brief, counsel evaluates potential issues on three of the grounds supporting termination, sections 161.001(1)(D), (E), and (P). Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d

355, 362 (Tex. 2003).  The evidence to support the termination orders regarding the best interest of the children was then analyzed and counsel concluded there is no arguable error.  Counsel's briefs evidence a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appointed counsel.

We have reviewed the record and agree with counsel's evaluation that there is clear and convincing evidence to support termination under sections 161.001(1)(D), (E), and (P).  Further, because only one statutory ground is necessary to support an order of termination, we need not evaluate the evidence as it pertains to the other ground for termination alleged, subsection (O).

*Best Interest of the Children*

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(2).  There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. See *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

After reviewing the record, we agree with counsel's evaluations that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the trial court to have determined that termination of the parent-child relationship was in the best interest of J.T. and M.K.

*Summary*

After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgments relating to William.

*Motion to Withdraw*

In accordance with *Anders*, counsel has filed a motion to withdraw in each appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d 403, 407 n.17 (Tex. Crim. App. 2008). We grant counsel's motions to withdraw.[3] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to William and to advise him of his right to pursue a petition for review in the Texas Supreme Court. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

*Denial of Jury Trial*

In her sole issue, Ashley complains that the trial court erred by denying her jury demand that was filed the day before the final hearing was scheduled. Ashley requested and had counsel appointed to her shortly after the removal of M.K. That

---

[3] No substitute counsel will be appointed. Should William wish to seek further review of this case by this Court or the Texas Supreme Court, he must either retain an attorney to file a motion for rehearing or a petition for review or file a pro se motion for rehearing or a petition for review. Any motion for rehearing must be filed within fifteen days of this opinion. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing. See Tex. R. App. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure 53.2. Tex. R. App. P. 53.2.

counsel continued throughout the case but was allowed to withdraw on September 9, 2014, one week before the final hearing was scheduled on September 16, 2014. New counsel was appointed shortly thereafter, and the final hearing was rescheduled for September 24, 2014. Ashley filed a jury demand through her new trial counsel on September 23, 2014, which was denied after a hearing on September 24, 2014. The trial court started the final hearing on that date, but recessed the hearing and continued with the majority of the hearing in early December of 2014.

A request for a jury trial must be made "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216(a). The trial court has discretion to deny a jury trial in the absence of a timely request for a jury or payment of the applicable jury fee. *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 69-70 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (*citing Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985)). However, a trial court should grant a jury demand, even if untimely, if to do so would not interfere with the court's docket, delay the trial, or injure the other party. *Id*. at 70. To prevail, the complaining party bears the burden to show that the untimely demand would not interfere with the docket or prejudice the other side. *See In re D.R.*, 177 S.W.3d 574, 579-80 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[The requesting parties] have not demonstrated that a jury trial . . . would not have interfered with the court's docket, delayed the trial, or prejudiced the other parties.").

At the hearing regarding the jury demand, Ashley did not attempt to show that granting the request would not interfere with the court's docket, delay the trial, or injure the opposing parties. *See Monroe*, 234 S.W.3d at 70. Further, Ashley was represented by counsel at all times starting shortly after M.K.'s removal, and Ashley does not argue that her earlier trial counsel was ineffective for refusing to demand a jury prior to his withdrawal. Because Ashley's jury demand was untimely and because she did not show that the demand would not adversely affect the court or other parties, we hold that the trial court did not abuse its discretion in denying it. *See Monroe*, 234 S.W.3d at 70. We overrule Ashley's sole issue.

### *Conclusion*

William's appellate counsel's motions to withdraw are granted. Further, having found no reversible error, the judgments of the trial court are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
[CV06]