

IN THE
TENTH COURT OF APPEALS

_____

No. 10-21-00301-CV

_____

IN THE INTEREST OF E.M., A CHILD

_____

From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-20-51325

---

## MEMORANDUM OPINION

---

The father of E.M. appeals from a judgment that terminated his parental rights to his child. *See* TEX. FAM. CODE ANN. § 161.001. In his sole issue, Father complains that the trial court erred by denying his jury demand. Because we find no error, we affirm the judgment of the trial court.

This proceeding was initiated in McLennan County shortly after E.M.'s birth on June 15, 2020 and was transferred to Coryell County shortly thereafter. E.M. was removed from the parents at the hospital due to ongoing proceedings with the Department in Coryell County involving their older child who had been removed from their home.[1] The

---

[1] The termination proceeding as to the parents' other child, C.Z.M., is before this Court in Cause No. 10-21-0302-CV, *In the Interest of C.Z.M., A Child*. The mother of C.Z.M. and E.M. did not appeal from the trial

final trial was initially scheduled for May 19, 2021. On October 28, 2020, the trial court moved up the dismissal date to February 15, 2021 to match the deadline in the companion case and set a final trial for January 20, 2021. The father filed a motion for extension which was granted by the trial court. The final trial was scheduled for April 21, 2021 and the dismissal date was extended to June 21, 2021. Father filed a late jury demand on April 2, 2021, and the Department filed a motion to deny the jury demand on April 6, 2021.

The parties appeared for the final trial on April 21, 2021 and Father objected to proceeding because he had not reviewed the discovery he had been provided late by the Department. Father had not received the discovery prior to the trial court's deadline, although he had received it a week prior to the trial setting. After a lengthy discussion regarding the late production of the discovery which was timely requested by Mother but not Father, Father then informed the trial court that he had filed a jury demand, which he acknowledged was not timely filed. After hearing the arguments of the parties, the trial court granted the Department's motion to deny the jury demand and proceeded to start the final trial that day. After only a few questions were asked to the first witness, the trial was recessed to give the parties time to review the discovery produced by the Department. The trial resumed for a day on May 20, 2021, and then was recessed to and concluded on June 10, 2021, after which the trial court granted the termination of Father's

court's judgment and is not a party to this appeal. The final trials in both proceedings were tried together, but the cases were never consolidated. The foster parents of C.Z.M. filed a petition in intervention in that proceeding only but participated fully in the singular trial.

parental rights. In his sole issue, Father complains that the trial court abused its discretion by denying him a jury trial.

We review the denial of a jury demand for an abuse of discretion. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). A trial court abuses its discretion if it acts "without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

In order to invoke a right to a jury trial, a party must file a written request for a jury trial a reasonable time before the date set for trial on the non-jury docket, but not less than thirty days in advance. TEX. R. CIV. P. 216(a). However, "filing an untimely jury demand does not necessarily mean that a party loses h[is] right to a jury trial." *See E. E. v. Tex. Dep't of Family & Protective Servs.*, 598 S.W.3d 389, 395 (Tex. App.—Austin 2020, no pet.). A trial court should grant a jury demand, even if it is untimely, if doing so would not interfere with the trial court's docket, delay the trial, or injure the other party. *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 70 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also In re J.T.*, Nos. 10-15-00101-CV & 10-15-00108-CV, 2015 Tex. App. LEXIS 10870, at *8 (Tex. App.—Waco Oct. 22, 2015, no pet.) (mem. op.). The complaining party bears the

burden to show that the untimely demand would not interfere with the trial court's docket or prejudice the other side in order to prevail on appeal. *See In re D.R.*, 177 S.W.3d 574, 579-80 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[The requesting parties] have not demonstrated that a jury trial . . . would not have interfered with the court's docket, delayed the trial, or prejudiced the other parties."); *In re B.P.*, No. 10-15-00318-CV, 2016 Tex. App. LEXIS 433 at *3 (Tex. App.—Waco Jan. 14, 2016, pet. denied) (mem. op.); *In re J.T.*, 2015 Tex. App. LEXIS 10870 at *8-9. In suits for termination of parental rights, this analysis should also include the consideration of how the untimely request for a jury trial, if granted, would affect the children. *See In re A.L.M.-F.*, 564 S.W.3d 441, 444 (Tex. App.—Waco 2017) (considering, before finding no abuse of discretion in denial of untimely jury demand, that ad litem attorney had argued that delay associated with jury trial, under the circumstances, "would cause turmoil and uncertainty for the children"), *aff'd*, 593 S.W.3d 271 (2019).

Father concedes his jury demand was initially untimely pursuant to Rule 216(a) because it was filed less than thirty days in advance of the April 21, 2021 final trial setting; however, Father also argues that the request became timely when the trial court reset the trial to May 20, 2021. However, the trial court did not reset the final hearing. The first witness was sworn and began her testimony prior to the trial court recessing the trial to the second date. The recess did not make the jury demand timely because the final hearing had already been commenced on April 21, 2021.

Father did not present any evidence to show that a jury trial would not have

interfered with the court's docket, delayed the trial, or prejudiced the other parties. Father contends that the trial court abused its discretion by denying his jury demand because there was no evidence presented by the Department that setting the case for a jury trial would interfere with the court's docket, delay the trial, or injure the opposing party. However, this Court has held that it is the duty of the party complaining of the trial court's denial of the untimely jury demand to show that granting the jury trial would not interfere with the court's docket, delay the trial, or prejudice the other parties. *See In re B.P.*, 2016 Tex. App. LEXIS 433 at *3; *In re J.T.*, 2015 Tex. App. LEXIS 10870 at *9. Father did not do so, other than making some general averments by his counsel that the trial court's docket would not be interfered with and that the parties would not be prejudiced. The Department initially did not present any argument in opposition of the jury demand other than to object that it was untimely. The intervenors in the companion proceeding, however, who had also filed a motion to deny the jury demand in that proceeding, argued that the children would be harmed by the delay and that it was unknown when it would even be possible to try a jury trial due to the pandemic. The Department then adopted the arguments made by the intervenors against the jury demand.[2]

---

[2] It is apparent from the record and arguments of the parties that there was no jury pool immediately available from which to draw a jury on the date the trial was scheduled to commence. That alone creates an inference that the trial court's docket would have been disrupted to some degree because a jury trial could not have commenced on the date set. Moreover, Father pushed for the demand for the jury trial only after his oral motion for continuance relating to the late production of the discovery was denied. The timing of asserting the demand is a factor the trial court could properly consider in its analysis of whether to grant the delay that would be caused by delaying the trial to accede to the late jury demand and in this Court's analysis of whether or not the trial court abused its discretion by denying the late jury demand.

Because Father's jury demand was untimely and because he did not show that the demand would not adversely affect the court, it's docket, or the other parties including the children, we hold that the trial court did not abuse its discretion in denying the jury demand and proceeding with a bench trial. *See Monroe*, 234 S.W.3d at 70. We overrule Father's sole issue.

**CONCLUSION**

Having found that the trial court did not abuse its discretion, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed March 16, 2022
[CV06]

