

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00302-CV

## IN THE INTEREST OF C.Z.M., A CHILD

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. DC-20-50823

## MEMORANDUM  OPINION

The father of C.Z.M. appeals from a judgment that terminated his parental rights to his child.[1] *See* TEX. FAM. CODE ANN. § 161.001. In his sole issue, Father complains that the trial court erred by denying his jury demand. Because we find no error, we affirm the judgment of the trial court.

This proceeding was initiated on February 14, 2020, and the trial court signed a docket control and scheduling order on April 1, 2020 which set a deadline of October 28,

---

[1] The termination proceeding as to another child of the father, E.M., is before this Court in Cause No. 10-21-00301-CV, *In the Interest of E.M., A Child*. The mother of C.Z.M. and E.M. did not appeal from the trial court's judgment and is not a party to this appeal. The final trials in both proceedings were tried together, but the cases were never consolidated. The foster parents of C.Z.M. filed an intervention in this proceeding only but fully participated in the singular trial.

2020 to file a jury demand. The order stated that any demand filed after that date would be denied. The final hearing was initially scheduled for January 20, 2021. The case was extended for 180 days upon Father's motion, with a new final hearing scheduled for April 21, 2021 and a dismissal date of August 14, 2021. The trial court signed a second docket control and scheduling order on February 3, 2021, which stated that the deadline to file a jury demand was moved to March 1, 2021. Father filed a jury demand on April 2, 2021, nineteen days before the trial setting, and the intervenors filed a motion to deny the jury demand on April 6, 2021.

The parties appeared for the final hearing on April 21, 2021 and Father objected to proceeding because he had not reviewed the discovery he had been provided by the Department. Father had not received the discovery prior to the deadline in the scheduling order, although he had received it a week prior to the trial setting. After a lengthy discussion regarding the late-production of the discovery which was timely requested by the Mother but not the Father, Father then informed the trial court that he had filed a jury demand, which he acknowledged was not timely filed. After hearing the arguments of the parties, the trial court granted the motion to deny the jury demand and proceeded to start the final trial that day. After only a few questions from the first witness, the trial was recessed to give the parties time to review the discovery produced by the Department. The trial was resumed for a day on May 20, 2021, recessed to and concluded on June 10, 2021, after which the trial court granted the termination of Father's parental rights. In his sole issue, Father complains that the trial court abused its discretion by denying him a

jury trial.

We review the denial of a jury demand for an abuse of discretion. *In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). A trial court abuses its discretion if it acts "without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). The trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

In order to invoke a right to a jury trial, a party must file a written request for a jury trial a reasonable time before the date set for trial on the non-jury docket, but not less than thirty days in advance. TEX. R. CIV. P. 216(a). However, if a pretrial scheduling order establishes a different deadline for filing a jury demand than the thirty-day deadline in Rule 216, the scheduling order controls. *See E. E. v. Tex. Dep't of Family & Protective Servs.*, 598 S.W.3d 389, 396 (Tex. App.—Austin 2020, no pet.). Thus, a jury demand filed after the deadline specified in a pretrial scheduling order is untimely. *See id.*

However, "filing an untimely jury demand does not necessarily mean that a party loses h[is] right to a jury trial." *E.E.*, 598 S.W.3d at 395. A trial court should grant a jury demand, even if it is untimely, if doing so would not interfere with the trial court's docket, delay the trial, or injure the other party. *Monroe v. Alternatives in Motion*, 234 S.W.3d 56,

70 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also In re J.T.*, Nos. 10-15-00101-CV & 10-15-00108-CV, 2015 Tex. App. LEXIS 10870, at *8 (Tex. App.—Waco Oct. 22, 2015, no pet.) (mem. op.). The complaining party bears the burden to show that the untimely demand would not interfere with the trial court's docket or prejudice the other side in order to prevail on appeal. *See In re D.R.*, 177 S.W.3d 574, 579-80 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("[The requesting parties] have not demonstrated that a jury trial . . . would not have interfered with the court's docket, delayed the trial, or prejudiced the other parties."); *In re B.P.*, No. 10-15-00318-CV, 2016 Tex. App. LEXIS 433 at *3 (Tex. App.—Waco Jan. 14, 2016, pet. denied) (mem. op.); *In re J.T.,* 2015 Tex. App. LEXIS 10870 at *8-9. In suits for termination of parental rights, this analysis should also include the consideration of how the untimely request for a jury trial, if granted, would affect the children. *See In re A.L.M.-F.*, 564 S.W.3d 441, 444 (Tex. App.—Waco 2017) (considering, before finding no abuse of discretion in denial of untimely jury demand, that ad litem attorney had argued that delay associated with jury trial, under the circumstances, "would cause turmoil and uncertainty for the children"), *aff'd*, 593 S.W.3d 271 (2019).

Father concedes his jury demand was initially untimely pursuant to either the scheduling order or Rule 216(a) because it was filed less than thirty days in advance of the April 21, 2021 non-jury setting; however, Father also argues that the request became timely when the trial court reset the trial to May 20, 2021. The trial court did not reset the final hearing. The first witness was sworn and began her testimony prior to the trial court recessing the trial to the second date. The recess did not make the jury demand timely

because the final hearing had already been commenced on April 21, 2021.

Father did not present any evidence to show that a jury trial would not have interfered with the court's docket, delayed the trial, or prejudiced the other parties. Father contends that the trial court abused its discretion by denying his jury demand because there was no evidence presented by the Department that setting the case for a jury trial would interfere with the court's docket, delay the trial, or injure the opposing party. However, this Court has held that it is the duty of the party complaining of the trial court's denial of the untimely jury demand to show that granting the jury trial would not interfere with the court's docket, delay the trial, or prejudice the other parties. *See In re B.P.*, 2016 Tex. App. LEXIS 433 at *3; *In re J.T.*, 2015 Tex. App. LEXIS 10870 at *9. Father did not do so, other than making some general averments by his counsel that the trial court's docket would not be interfered with and that the parties would not be prejudiced. The Department initially did not present any argument in opposition of the jury demand other than to object that it was untimely. The intervenors, however, filed a motion to deny the jury demand and argued that the children would be harmed by the delay and that it was unknown when it would even be possible to try a jury trial due to the pandemic. The Department then adopted the arguments made by the intervenors against the jury demand.[2]

---

[2] It is apparent from the record and arguments of the parties that there was no jury pool immediately available from which to draw a jury on the date the trial was scheduled to commence. That alone creates an inference that because a jury trial could not have commenced on the date set, the trial court's docket would have been disrupted to some degree. Moreover, Father pushed for the demand for the jury trial only after his oral motion for continuance was denied. The timing of asserting the demand is a factor the trial

Because Father's jury demand was untimely and because he did not show that the demand would not adversely affect the court, it's docket, or the other parties including the children, we hold that the trial court did not abuse its discretion in denying the jury demand and proceeding with a bench trial. *See Monroe*, 234 S.W.3d at 70. We overrule Father's sole issue.

**CONCLUSION**

Having found that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed March 16, 2022
[CV06]



---

court could properly consider in its analysis of whether to grant the delay that would be caused by delaying the trial to accede to the late jury demand.